**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREG KNOWLES; BRIAN
ALEXANDER, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiffs-Appellants,

v.

ARRIS INTERNATIONAL PLC,

               Defendant-Appellee.

No. 19-17468

D.C. No. 5:17-cv-01834-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted April 15, 2021
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and BADE, Circuit Judges.

Plaintiffs-Appellants Greg Knowles and Brian Alexander appeal the grant of

summary judgment in favor of Defendant-Appellee ARRIS International (ARRIS)

with respect to Plaintiffs' claims for breach of the implied warranty of

merchantability, false advertising, and the failure to disclose a material defect, all

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in violation of California statutory law. Reviewing the grant of summary judgment de novo, we affirm. *See Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir. 2009).

1. The district court did not err when granting summary judgment in favor of ARRIS on Plaintiffs' claim of breach of the implied warranty of merchantability under the Song-Beverly Act. *See* Cal. Civ. Code § 1791. Plaintiffs failed to raise a material issue of fact regarding whether the SB6190 Modem failed to meet a "minimum level of quality." *American Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1296 (1995), *as modified on denial of rehearing*; *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (explaining that "[a] breach of the warranty of merchantability occurs if the product lacks even the most basic degree of fitness for ordinary use") (citations and internal quotations marks omitted).

2. Summary judgment in favor of ARRIS was also appropriate on Plaintiffs' false advertising claims under California's False Advertising Law (FAL) (Cal. Bus. & Prof. Code § 17500), Consumer Legal Remedies Act (CLRA) (Cal. Civ. Code § 1750-1757) and Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code § 17200). The district court properly concluded that the star ratings comparing the SB6190 modem to earlier models and the assertion that the SB6190 Modem would "deliver the fastest speeds and most reliable connection to the Internet" constituted

non-actionable puffery. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (explaining that "[a]dvertising which merely states in general terms that one product is superior," or that a product's attribute is "far" superior to that of other products, "constitutes puffery and is not actionable as false advertising").

The district court also correctly concluded that ARRIS's statements regarding the SB6190 Modem's compatibility with Comcast, "GIGABIT+ CABLE" capacity, "32 DOWNSTREAM CHANNELS," and "SPEEDS UP TO 1.4 GBPS" were not demonstrably false. In addition, the disclaimer on ARRIS's packaging further tempered consumer's expectations. *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167 (2018) (explaining that when a claim is not false, "qualifiers in the packaging can ameliorate any tendency of the label to mislead"); *see also Freeman v. Time, Inc*., 68 F.3d 285, 290 (9th Cir. 1995) (affirming dismissal of false advertising claim when a misleading "inference is unreasonable in the context of the entire document").

**3.** The district court did not err when granting summary judgment in favor of ARRIS on Plaintiffs' failure to disclose claims. Plaintiffs failed to raise a material issue of fact that the identified defects prevented the SB6190 Modem from performing a critical or integral function as a modem. The identified defects

3

therefore were not material. *See Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1174-75 (2015) (noting "a duty to disclose a material defect" which prevented the product from performing a "critical" function that was "central and necessary to the function" of the product); *see also Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 257-58 (2011) (requiring disclosure of defect preventing performance of an "integral" function). In sum, ARRIS had no duty to disclose non-material defects. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 860 (9th Cir. 2018) (explaining that in the absence of "physical defects that affect the central function" of the product, manufacturers have no "duty to disclose").[1]

**4.** Plaintiffs' claims under the unlawful and unfairness prongs of the UCL also fail. The district court correctly concluded that the unlawful prong required violation of another law, and appropriately granted summary judgment because Plaintiffs' other claims failed. *See Hodsdon*, 891 F.3d at 865. Plaintiffs also failed

---

[1] Plaintiffs focus on the word "affect" to argue that any defect which affects a product's central function requires disclosure. *Hodsdon* does not support this argument. Specifically, we explained in *Hodsdon* that disclosure was required in *Collins* and *Rutledge* because the identified defects "render[ed] those products incapable of use by any consumer." *Hodsdon*, 891 F.3d at 864. Here, Plaintiffs were able to use the SB6190 Modem to play video games online and Skype by video, with only occasional issues; and were able to browse the web and check email with no issues. Plaintiffs' own expert acknowledged that even if a cable modem worked perfectly, a consumer could still experience the same issues experienced by Plaintiffs.

4

to raise a material issue of fact with respect to either of the two tests for establishing unfairness. The district court properly concluded that ARRIS's statements or omissions were "not substantially injurious, immoral, or unethical" or a violation of public policy. *Id*. at 866-67.

**AFFIRMED.**